UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO: 8:19-cr-543-CEH-SPF

JUANA BAEZ-PAULINO
_____/

## O R D E R

This matter comes before the Court on the Defendant's Motion for Indicative Ruling on Compassionate Release (Doc. S-69). In the motion, Defendant argues that her personal medical and family circumstances warrant a reduction in her sentence to time served. Defendant seeks an indicative ruling from this Court, pursuant to Federal Rule of Criminal Procedure 37, while her case is on appeal to the Eleventh Circuit. The Court, having considered the motion and being fully advised in the premises, will deny as moot Defendant's Motion for Indicative Ruling and deny Defendant's request for compassionate release.

## I.      BACKGROUND

On April 14, 2020, Defendant pleaded guilty to use of a fraudulently and falsely procured birth certificate in violation of 18 U.S.C. § 1015(c) (Count One), false claim of United States citizenship in violation of 18 U.S.C. § 1015(e) (Count Two), and aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1) (Count Three). Docs. 1, 41. Defendant was sentenced on August 18, 2020, to be imprisoned for a total term of 36 months followed by a term of 12 months' supervised release. Doc. 60. Defendant

is a 36-year-old female who is currently incarcerated at Tallahassee FCI in Tallahassee, Florida. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed November 2, 2021). Defendant is scheduled to be released from prison on December 29, 2024.[1] *Id.*

On November 23, 2020, Defendant filed the instant Motion for Indicative Ruling on Compassionate Release requesting a ruling from this Court on her request for compassionate release while her case is on appeal to the Eleventh Circuit.[2] Specifically, Defendant seeks a modification of her sentence to time served due to her family circumstances and her medical conditions, coupled with the COVID-19 pandemic. Doc. S-69. Defendant alleges she suffers major depressive disorder, persistent depressive disorder with anxiety, and post-traumatic stress disorder ("PTSD"). She alleges she has not received her prescribed psychotropic medication while at Tallahassee FCI, resulting in extreme anxiety, sleeplessness, and crying episodes. She also contracted COVID-19 while incarcerated which resulted in headaches, congestion, and a cough. She fears re-infection in the prison environment.

---

[1] Defendant's motion anticipates a release date of June 9, 2022, because she already served 22 months in prison at the time of filing her motion. However, the BOP's website indicates her date of release is December 29, 2024. As indicated in the Judgment, Defendant's imposed term of imprisonment in this case was to run consecutively with the term of imprisonment imposed pursuant to the judgment in Case No. 1:12-cr-20808-MGC (S.D. Fla.). *See* Doc. 60 at 2. Additionally, the Presentence Investigation Report ("PSR") outlines Defendant's criminal history, several other criminal cases involving Defendant, and Defendant's status as a fugitive from 2013 until 2019. Doc. 49.

[2] The Court notes Defendant filed similar motions for compassionate release on November 3, 2020, in her criminal cases in the Southern District of Florida, which motions were denied on February 22, 2021 and December 22, 2020, respectively. *See* Docs. 33, 40 in Case No. 1:12-cr-20808-MGC (S.D. Fla.) and Docs. 34, 40 in Case No. 1:13-cr-20273-FAM (S.D. Fla.).

Regarding her family circumstances, Defendant seeks release so that she can care for her 13-year-old son who was born with multiple heart defects. According to Defendant, her son had two heart surgeries before his sixth birthday and could require another procedure or surgery in the future. Her son is currently being cared for by his elderly great-grandmother in Puerto Rico because the biological father, Vladimir De la Cruz-Tejeda, was serving a lengthy prison sentence. Cruz-Tejeda was released in 2018 and has been serving a term of supervised release in Philadelphia since his release from prison. Defendant alleges that the great-grandmother is unable to provide the supervision and medical attention her son needs because she is elderly and does not drive. Additionally, Defendant's mother, who lives in the Dominican Republic but used to regularly travel to the United States to help care for Defendant's son, cannot travel due to her own declining health. Defendant's sister, Florangel, assists their mother with daily tasks and medical appointments, but Florangel has her own two minor children and is therefore unable to care for their mother's medical needs on her own. Defendant seeks compassionate release from prison so she can care for her son and mother in the Dominican Republic.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act

3

of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release.  That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> > >
> > > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).

Accordingly, a court may reduce a sentence upon motion of a defendant provided that:

(1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[3] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.   DISCUSSION

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

### A.   Indicative ruling

Federal Rule of Criminal Procedure 37 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). At the time of filing the instant motion, this case was on appeal to the Eleventh Circuit, and thus this Court lacked jurisdiction to consider a motion for compassionate release absent the Eleventh Circuit relinquishing jurisdiction for purposes of the motion. On October 12, 2021, however, the mandate issued from the Eleventh Circuit Court of Appeals (Doc. 73). Thus, as the appellate court no longer has jurisdiction, the need for an indicative ruling is moot. The Court turns to the merits of Defendant's motion.

### B.   Defendant has Satisfied Administrative Exhaustion Requirement

Defendant submitted a request for compassionate release on August 31, 2020, to the BOP while she was incarcerated in Pinellas County jail. She renewed her request to the warden of FCI Tallahassee on September 24, 2020. Doc. S-69-1. More than thirty days have passed since the warden received Defendant's request, and thus, the Court finds Defendant has exhausted administrative remedies.

### C.   Extraordinary and Compelling Reason

Although Defendant has satisfied administrative exhaustion, Defendant fails to establish that extraordinary and compelling reasons exist to support her request for

compassionate release. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). The Court may grant compassionate release under one or more criteria. *See id.* Pertinent here, Defendant contends her family circumstances and medical condition provide an extraordinary and compelling basis for release.

A defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes her ability to care for herself within the prison environment and from which she is not expected to recover.  U.S.S.G. § 1B1.13, cmt. n. 1(A). Defendant fails to establish that her mental health condition and diagnosis of depression, anxiety and PTSD constitute terminal conditions or serious illnesses with an end-of-life trajectory.[4] As stated in her

---

[4] Defendant has also filed a motion to file under seal (Doc. 70) her medical records, which she references in her motion for compassionate release. Because the medical conditions referenced in her compassionate release motion and the arguments related to same do not demonstrate that her conditions meet the criteria under U.S.S.G. § 1B1.13, cmt. n. 1(A) to constitute a medical condition that provides an extraordinary and compelling reason, Defendant's motion will be denied. As noted in the Order, even if Defendant were able to establish an extraordinary and compelling reason to support a reduction in her sentence, her

motion, Defendant is receiving some medication for her mental health conditions, and she does not otherwise argue that she is unable to care for herself in the prison environment.

To the extent that Defendant argues that the threat of COVID-19, coupled with her medical conditions, constitute "other" reasons to support her release, her motion similarly fails. Section 1B1.13's fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). It is worth noting that the BOP's website reveals that Tallahassee FCI currently has zero inmates or staff that are positive for COVID-19. *See* https://www.bop.gov/coronavirus/ (last accessed Nov. 4, 2021). Additionally, to date, the facility has fully vaccinated 757 inmates and 98 staff members. *See id.* Moreover, in accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and

---

motion is still due to be denied because the Section 3553(a) factors weigh against compassionate release. Thus, the motion to seal is moot.

compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

Finally, Defendant argues that her unique family circumstances support a finding of extraordinary and compelling reasons to support her release. A defendant generally bears the burden of establishing that compassionate release is warranted, *see Hamilton*, 715 F.3d at 337. Defendant fails to carry her burden of demonstrating that her family circumstances constitute an extraordinary and compelling reason to support release. As discussed in the Commentary to USSG, § 1B1.13, "family circumstances" constituting an extraordinary and compelling reason refers to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C). Defendant's need to assist her sister in the care of their mother does not constitute an extraordinary and compelling reason based on a plain reading of this provision. Further, Defendant fails to provide record evidence to demonstrate why this provision should be extended to Defendant's situation as it relates to her mother.

Regarding her minor child, Defendant contends that her son's biological father, De La Cruz-Tejeda, took her son from her fiancée, Rodrigo Mijangos, and sent her

son to live in Puerto Rico with his great-grandmother. According to the motion, the great-grandmother is unable to provide the supervision and medical care that the minor son needs. In relevant part, under comment N.1(C)(i), Defendant must show "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." According to Defendant, the biological father is on supervised release in Philadelphia. Defendant fails to show that De la Cruz-Tejeda could not be a caregiver for their son. Additionally, the PSR references that Defendant has five siblings. While her motion indicates that her sister Florangel is unable to assist due to having to care for her own two minor children, Defendant does not address the availability of her four brothers, who live in the Dominican Republic, to serve as a caregiver for her minor son. Thus, the motion is due to be denied, as the father of the minor child or one of Defendant's relatives may be available caregivers for Defendant's minor son.

### D.   Section 3553(a) Factors

Even if Defendant could establish that an extraordinary and compelling reason exists to support her compassionate release, consideration of the Section 3553(a) factors militates against release. In 2012 Defendant was arrested and pleaded guilty in the Southern District of Florida to aggravated identity theft. Prior to becoming a fugitive in that case and while on bond, Defendant obtained a Florida Driver's License and submitted a new application for a false passport. She also removed her court-ordered ankle bracelet. During the time in which she was a fugitive between 2013 and 2019, Defendant falsely acquired another identity to attempt to avoid capture. While a fugitive, the Defendant fraudulently obtained another Florida Driver's License in the

Middle District of Florida. The Defendant's past history of failing to comply with conditions of release, including removing her ankle bracelet, and repeatedly obtaining fraudulent identification documents, creates doubt that the Defendant would now comply with the terms of supervised release if she were released. Thus, careful consideration of the Section 3553(a) factors weighs against a reduction in sentence.

Accordingly, it is hereby

**ORDERED**:

1.      Defendant's Motion for Indicative Ruling on Compassionate Release (Doc. S-69) is **DENIED** as moot to the extent that an indicative ruling is unnecessary as the Eleventh Circuit no longer has jurisdiction of this case. Defendant's request for compassionate release is **DENIED** because Defendant fails to establish that extraordinary and compelling reasons exist to warrant a reduction in her sentence and because consideration of the Section 3553(a) factors weigh against release.

2.      Defendant's Motion to Seal (Doc. 70) is **DENIED** as moot.

**DONE AND ORDERED** in Tampa, Florida on November 4, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties